UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE Q., an Individual,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL[1], Commissioner of Social Security,<br><br>  Defendant. | Case No.: 5:18-01715 ADS<br><br><br>MEMORANDUM OPINION AND ORDER |

## I. **INTRODUCTION**

Plaintiff Joe Q.[2] ("Plaintiff") challenges the Defendant Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of his applications for a

---

[1] The Complaint, and thus the docket caption, do not name the Commissioner. The parties list Nancy A. Berryhill as the Acting Commissioner in the Joint Stipulation. On June 17, 2019, Saul became the Commissioner of Social Security. Thus, he is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).
[2] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

period of disability and disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Plaintiff contends that the Administrative Law Judge ("ALJ") did not carry the Social Security Administration's burden at step-five of the sequential analysis to identify alternative work Plaintiff can perform. Specifically, Plaintiff contends the vocational expert's testimony relied upon by the ALJ to find Plaintiff can perform the occupation of hand packer contradicts the Dictionary of Occupational Titles ("DOT"). Defendant argues there is no conflict between the testimony and the DOT, and, therefore, no reversable error. For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.[3]

## II. PROCEEDINGS BELOW

### A. Procedural History

Plaintiff protectively filed his applications for DIB and SSI on April 23, 2014 and May 2, 2014 respectively, alleging disability beginning May 26, 2009, which was later amended to January 15, 2014. (Administrative Record "AR" 17, 20, 284-91). Plaintiff's claims were denied initially on July 10, 2014 (AR 168-72), and upon reconsideration on November 28, 2014 (AR 173-78). A hearing was held before ALJ Alan J. Markiewicz on May 11, 2017. (AR 58-80). Plaintiff, represented by counsel, appeared and testified at the hearing, as did a vocational expert, Joseph H. Torres. (Id.)

On August 2, 2017, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[4] (AR 14-33). The ALJ's decision became the

---

[3] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Docket("Dkt.") Nos. 11, 12].
[4] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental

Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on June 26, 2018. (AR 1-6). Plaintiff then filed this action in District Court on August 16, 2018, challenging the ALJ's decision. [Dkt. No. 1].

### B. Summary of ALJ Decision After Hearing

In the decision (AR 14-29), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[5] 20 C.F.R. §§ 404.1520(a) and 416.920(a). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since January 15, 2014, the alleged onset date. (AR 20). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) degenerative disc disease of the lumbar spine; (b) degenerative disc disease of the cervical spine; and (c) major depressive disorder. (Id.).

At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (AR 21). The ALJ then found

---

impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

[5] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (citing 20 C.F.R. §404.1520).

that Plaintiff had the Residual Functional Capacity ("RFC")[6] to perform the following medium-level of work: "occasionally lift and/or carry 50 pounds; frequently lift and/or carry 25 pounds; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; occasionally perform the postural activities; could not sit or stand greater than 30 minutes without a five to eight minute change of position, after which, he could resume a similar period of the same activity and repeat that sequence throughout an eight hour day; do simple repetitive tasks; and have no more than occasional contact with coworkers and the public." (AR 22).

At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff could not perform his past relevant work as an automobile mechanic. (AR 28). At **step five**, considering Plaintiff's age, education, work experience, RFC and the vocational expert's testimony, the ALJ found that there "are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform" such as hand packer. (AR 29). Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from January 15, 2014, through the date of the decision, August 2, 2017. (Id.).

## III. ANALYSIS

### A. Issue on Appeal

Plaintiff raises one issue for review: whether the ALJ carried the Social Security Administration's burden at step-five of the sequential analysis to identify alternative work Plaintiff can perform. [Dkt. No. 20 (Joint Stipulation), 4]. Specifically, Plaintiff contends that because the VE's testimony contradicts the DOT, "[s]ubstantial evidence

---

[6] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

does not support the finding that Quach can perform the occupation of hand packager." Id.

**B. <u>Standard of Review</u>**

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. <u>Garrison v. Colvin</u>, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. <u>Mayes v. Massanari</u>, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Reddick v. Chater</u>, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." <u>Ryan v. Comm'r of Soc. Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005)); see <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not

substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

### C. The ALJ's Step Five Analysis

Plaintiff asserts that the ALJ erred in relying on testimony of the VE that contradicts the DOT. Defendant contends that there is no conflict between the testimony of the VE and the DOT; accordingly, the ALJ was not required to obtain further VE testimony to explain a deviation from the DOT.

The parties agree to the burden that exists for the SSA at Step Five. The SSA must establish the existence of alternative jobs available to the claimant, given the claimant's age, education, and work experience. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988) (citing Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986)). This burden can be satisfied by either applying the Medical-Vocational Guidelines ("Grids"), if appropriate, or relying on the testimony of a VE.[7] See id. The testimony of a VE should generally be consistent with the DOT, although neither "trumps" the other

---

[7] The ALJ may meet his burden by propounding to a VE hypothetical questions based on medical assumptions, supported by substantial evidence, that reflect all the plaintiff's limitations. Hirschy v. Comm'r of Soc. Sec., 2012 WL 996527, *9 (E.D. Cal. March 23, 2012) (citing Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)).

if there is a conflict. See Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). If there is an inconsistency between the VE's testimony and the job descriptions in the DOT, the ALJ must resolve the conflict. See id. (citing Social Security Ruling ("SSR") 00-4p).

Pursuant to SSR 00-4p, the Ninth Circuit has found the ALJ is explicitly required to determine if a VE's testimony deviates from the DOT, and if so, there must be sufficient support for that deviation. See Massachi, 486 F.3d at 1153. Specifically, the Court in Massachi found:

> SSR 00-4p unambiguously provides that '[w]hen a [vocational expert] . . . provides evidence about the requirements of a job or occupation, the adjudicator has an *affirmative responsibility* to ask about any possible conflict between that [vocational expert] . . . evidence and information provided in the [DOT].' SSR 00-4p further provides that the adjudicator '*will ask'* the vocational expert 'if the evidence he or she has provided' is consistent with the [DOT] and obtain a reasonable explanation for any apparent conflict.

Id. at 1153-53 (citing SSR 004p) (emphasis in original).

Here, Plaintiff argues that the ALJ improperly relied on the testimony of the VE in determining that he could perform the job of "hand packager." Plaintiff quotes the lengthy DOT description for hand packager and asserts that the VE's testimony that Plaintiff can perform this job conflicts. Plaintiff argues the DOT description of this "medium work" job implies standing is required for virtually the entire six hours out of an eight-hour work day. Plaintiff asserts his RFC's sit/stand requirement contradicts the implicit standing requirement of the DOT job description, so the VE's finding that Plaintiff could perform this job is in conflict with the DOT. It is Plaintiff's contention that the ALJ was required to explore the conflict before crediting the VE's testimony. See Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (finding that in order for an

ALJ to accept a VE's testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation"). Plaintiff contends the record here does not contain such sufficient evidence.

Contrary to Plaintiff's position, however, the VE's testimony and the DOT are not in conflict. The DOT job description does not address sit/stand options. The ALJ's duty to inquire about conflicts only arises when there is actually an apparent conflict between the DOT and the VE's testimony. Strain v. Colvin, 2014 WL 2472312, * 2 (C.D. Cal. June 2, 2014). The caselaw cited by Defendant on this point is persuasive and is not adequately contradicted by Plaintiff. "Because the DOT does not address the subject of sit/stand option, it is not apparent that the testimony of the VE conflicts with the DOT. Furthermore, the VE's testimony based on the sit/stand restriction does not conflict with the DOT but instead provides 'more specific information than is contained in the DOT '. . ." Id. (citing Seay v. Astrue, 2011 WL 977499 (M.D. Tenn. March 18, 2011)); see also Hirschy v. Comm'r of Soc. Sec., 2012 WL 996527, *11 (E.D. Cal. March 23, 2012) ("the DOT does not address the issue of a sit/stand option. Thus, there is no apparent conflict as to that limitation"); Hixon v. Astrue, 2012 WL 2501069, *6 (N.D. Cal. June 27, 2012).[8] Therefore, the ALJ did not deviate from the DOT by relying on the VE's testimony regarding the sit/stand option. The Court rejects Plaintiff's argument that

---

[8] Defendant cites to these and a number of other cases all holding that there is no apparent conflict between the DOT and a VE's testimony with regard to a sit/stand requirement. See [Dkt. No. 20 at 13-14]. In reply, Plaintiff contends that these cases are distinguishable as they deal with a claimant with an RFC for light work, as opposed to an RFC for medium work as was assessed here. Id. at 15. Yet, Plaintiff states that the only "difference between medium and light work is the ability to lift 50 pounds occasionally and 25 pounds frequently as opposed to 20 and 10." [Id. at 10, n. 4.] Plaintiff does not explain how this difference impacts the sit/stand requirement.

"common sense" dictates that for an individual to lift 50 pounds occasionally and 25 pounds frequently "they must be standing." [9]  [Dkt. No. 20 at 10].

The ALJ complied with the requirements of SSR 83-12.  The ALJ properly consulted a VE, who indicated Plaintiff was capable of performing the job of hand packager even though he required a sit/stand option for 5 to 8 minutes every 30 minutes.  The ALJ also confirmed with the VE that his testimony did not deviate from the DOT.  (AR 71-76).  Furthermore, in the absence of an apparent conflict between the VE testimony and the DOT, it was reasonable for the ALJ to rely on the VE testimony.  See Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (noting that in determining whether there are jobs a claimant is capable of performing, an ALJ may consult a VE, whose "recognized expertise provides the necessary foundation for his or her testimony").  Thus, there was no error on the part of the ALJ.

---

[9] Plaintiff's reply cites to one case wherein the Court noted that a VE had stated that "most packagers are standing . . . and don't have that much ability to sit." Peraza v. Colvin, 2014 WL 6630051, * 5 (C.D. Cal. Nov. 21, 2014).  The testimony of a VE, however, is specifically related to the facts relevant to the claimant at issue and has no precedent or authority in another matter.  See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1988) ("Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the particular claimant."); Embrey v. Bowen, 849 F.2d 418 (9th Cir. 1988) (holding that an ALJ may not rely on vocational testimony if the characteristics of the individual in the hypothetical questions propounded to the expert do not match the characteristics of the claimant).

## IV. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATE: March 12, 2020

        /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge